# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6688 | DATE | 8/12/2004 |
| CASE TITLE | | Nicol vs. Lavin | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Defendants' motion to dismiss Plaintiff's second amended complaint is granted in part and denied in part.

*[signature: Amy J. St. Eve]*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 13 2004 date docketed | |
| | Notified counsel by telephone. | | | 30 |
| ✓ | Docketing to mail notices. | | rbf docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TH✓ | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN E. NICOL,<br><br>   Plaintiff,<br><br>v.<br><br>JOHN LAVIN, in his Official Capacity as DIRECTOR, DEPARTMENT OF COMMERCE & ECONOMIC OPPORTUNITY; PAM MCDONOUGH, in her Official and Individual Capacities as DIRECTOR, DEPARTMENT OF COMMERCE & COMMUNITY AFFAIRS; ROBERT L. HEARN, in his Official and Individual Capacities as SUPERVISOR, DEPARTMENT OF COMMERCE & COMMUNITY AFFAIRS; and ILLINOIS DEPARTMENT OF COMMERCE & ECONOMIC OPPORTUNITY (formerly DEPARTMENT OF COMMERCE & COMMUNITY AFFAIRS),<br><br>   Defendants. | No. 03 C 6688<br><br>**DOCKETED**<br>AUG 1 3 2004 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Plaintiff Susan Nicol ("Nicol") filed a four-count second amended complaint against Defendants John Lavin ("Lavin") in his official capacity as Director of the Department of Commerce & Community Affairs ("DCCA"), Pam McDonough ("McDonough") in her individual and official capacities as the former Director of the DCCA, Robert Hearn ("Hearn") in his individual and official capacities as Supervisor in the Grant Monitoring Section of the DCCA, and the Illinois Department of Commerce & Economic Opportunity ("DCEO") formerly known as the DCCA. Specifically, Plaintiff alleged race discrimination creating a hostile work environment and retaliation in violation of 42 U.S.C. § 1981 against Lavin, McDonough, Hearn,



and the DCEO (Count I); creation of a hostile work environment and retaliation in violation of Title VII of the 1964 Civil Rights Act against the DCEO (Count II); race, national origin, and skin color discrimination creating a hostile work environment in violation of 42 U.S.C. § 1983 against Lavin, McDonough, and Hearn (Count III); and race, national origin, and skin color discrimination in violation of the Illinois Civil Rights Act of 2003 against the DCEO (Count IV). Plaintiff seeks a declaratory judgment, damages, and injunctive relief. Defendants have moved to dismiss all four counts pursuant to Rules 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. For the reasons stated herein, Defendants' motion is granted in part and denied in part.

## BACKGROUND[1]

Plaintiff Nicol is of Korean national origin, and was a grant monitor with the DCCA when the alleged discrimination occurred. (R. 20-1, Second Am. Compl. at 2, ¶ 2.) Defendant Hearn, an African-American, is a Supervisor with the DCCA and supervised Nicol. (*Id.* ¶¶ 6-8.) In July 2001, Nicol returned from maternity leave and over the course of several months Hearn made inappropriate oral remarks and physical gestures toward her, and exhibited a demeaning attitude toward her work performance because of her race, national origin, and skin color. (*Id.* ¶¶ 12-14.) Hearn's conduct adversely impacted Nicol's work environment. (*Id.* ¶¶ 12, 20.) After Nicol complained about Hearn's conduct, Hearn used his supervisory role to take reprisal actions against her. (*Id.* ¶¶ 12-13.) Despite Nicol's informal written complaint and EEOC charges, the DCCA – under McDonough's direction – never completed an internal investigation

---

[1] The Court assumes that the allegations in Plaintiff's complaint are true for purposes of this Rule 12(b)(6) motion. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000).

2

or resolved the complaints. (*Id.* ¶¶ 5, 15, 17-19.) Further, during the alleged discrimination and retaliation, the DCCA had a custom and practice of failing to adequately investigate and provide relief to employees' complaints. (*Id.* ¶ 24.) Moreover, McDonough knew about Hearn's discriminatory conduct, deliberately failed to investigate or remedy the situation, and ratified Hearn's actions. (*Id.* ¶ 22.) Consequently, Nicol resigned her position with the DCCA on May 22, 2002. (*Id.* ¶ 21.)

## LEGAL STANDARDS

A Rule 12(b)(1) motion is a defense asserting a federal court's lack of subject matter jurisdiction over a lawsuit. *See* Fed.R.Civ.Proc. 12(b)(1). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint, not the merits of the case. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). The Court must view the allegations in the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). A complaint is not required to allege all, or any, of the facts entailed by the claim; the plaintiff can plead conclusions. *Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2003). Consequently, the Court may grant the motion to dismiss "only if it appears beyond doubt that the plaintiff could prove no set of facts entitling him to relief." *Triad Assocs., Inc.*, 892 F.2d at 586.

## ANALYSIS

### I.     Count I: § 1981 Claim

42 U.S.C. § 1981 provides, in part:

All persons within the jurisdiction of the United States shall have the same right in every

3

> State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. 42 U.S.C. § 1981(a) (2004).

Defendants argue that they are entitled to Eleventh Amendment immunity, that Plaintiff has failed to state a claim under § 1981, and that Plaintiff's § 1981 claim is barred by the statute of limitations. The Court will address the arguments in turn.

### A. Eleventh Amendment[2] Immunity

Under the Eleventh Amendment, a state and its agencies are immune from private suits seeking damages or injunctive relief in federal court unless by express and unequivocal language the state or Congress waives the state's Eleventh Amendment immunity. *Kroll v. Bd. of Trustees*, 934 F.2d 904, 907 (7th Cir. 1991). Eleventh Amendment immunity shields state agencies from federal damages liability for § 1981 claims. *Rucker v. Higher Educ. Aids Bd.*, 669 F.2d 1179, 1184 (7th Cir. 1982). In addition, a lawsuit against "a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and "is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted).[3]

The State of Illinois has not waived its Eleventh Amendment immunity for § 1981

---

[2] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

[3] Notably, the Seventh Circuit in dicta cited *Will* to state that a district court correctly concluded that a former Illinois governor lacks § 1981 damages liability in his official capacity pursuant to the state's Eleventh Amendment immunity. *See Hearne v. Bd. of Educ. of City of Chicago*, 185 F.3d 770, 776 (7th Cir. 1999) (citing *Will* and stating that the proposition was "so well established that it needs no further discussion").

4

claims. *See* 745 ILL. COMP. STAT. 5/1, 5/1.5 (2004). Also, Congress "has not expressed in unequivocal language intent to alter immunity" in § 1981 claims. *Perkins v. Bd. of Trustees Univ. of Illinois*, No. 95 C 4320, 1996 WL 308292, at *1 (N.D. Ill. June 4, 1996). A state official, however, may be sued in his or her official capacity when injunctive relief is sought because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. 159, 167, n. 14 (1985); *Ex parte Young*, 209 U.S. 123, 159-60 (1908). *See also Edelman v. Jordan*, 415 U.S. 651, 668-69 (1974) (stating that enjoining state officials' for past legal duty breach where its "practical effect" is indistinguishable from a retroactive damages award is barred by the Eleventh Amendment) (followed by *Brazdo v. Illinois Dep't of Prof'l Regulation*, No. 94 C 134, 95 C 2066, 1995 WL 733445, at *4 (N.D. Ill. Dec. 8, 1995)). A plaintiff must show a "real or immediate threat of future harm" to have standing to seek prospective equitable relief. *Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir. 2000) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)).

Plaintiff Nicol alleges a § 1981 claim against the DCEO, Lavin, McDonough, and Hearn in their official capacities. The DCEO is entitled to Eleventh Amendment immunity. Because Plaintiff seeks prospective relief in her complaint, including reinstatement, her claim against Lavin and Hearn in their official capacities survives as to those only. Finally, McDonough as former Director of the DCCA is incapable of providing prospective relief, thus the claim against her in her official capacity is dismissed.

### B. Failure to State a Claim Under § 1981

Defendants argue that the complaint fails to state a claim under § 1981 because it insufficiently alleges race discrimination and personal involvement. To state a claim under §

5

1981,[4] Plaintiff must allege that (1) she is a member of a racial minority; (2) Defendants intended to discriminate on the basis of race; and (3) the discrimination concerned the making and enforcing of a contract. *See Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). Thus, per *Morris*, personal involvement is not an element of a § 1981 claim.[5]

Plaintiff's complaint contains sufficient allegations of the first and third elements of her § 1981 claim. As to Hearn, Plaintiff sufficiently alleges the second element of her § 1981 claim in alleging that Hearn engaged in the alleged conduct "because of [her] race." As to McDonough, Plaintiff sufficiently alleges the second element of her § 1981 claim in alleging that McDonough, as the Director of the DCCA during the alleged race discrimination, "knew" about Hearn's alleged race discrimination, deliberately failed to fully respond to Plaintiff's internal complaint and complete an internal investigation thereof, and ratified Hearn's alleged race discrimination. Accordingly, Defendants' motion to dismiss is denied as to Plaintiff's § 1981 claim against McDonough and Hearn.

### C. Statute of Limitations

Defendants argue that Plaintiff's § 1981 claim is barred by a two-year statute of limitations. Congress enacted a four-year statute of limitations for federal statutory claims enacted after December 1, 1990. *Jones v. R.R. Donnelley & Sons Co.*, 124 S.Ct 1836, 1839 (2004); 28 U.S.C. § 1658(a) (2002). The statute provides "a general 4-year limitations period for any federal statute subsequently enacted without one of its own." *Jones*, 124 S.Ct at 1845, n. 14

---

[4] In light of Section I.A. of this Opinion and Order, only Plaintiff's § 1981 claim against McDonough and Hearn in their individual capacities is at issue.

[5] The Court notes that *Rascon v. Hardiman*, 803 F.2d 269 (7th Cir. 1986), was improperly cited in its March 10, 2004 Minute Order § 1981 discussion.

(quoting *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995)) (internal quotations omitted). The Civil Rights Act of 1991 amended § 1981 such that the statute prohibited race discrimination in the employment context. *Jones*, 124 S.Ct at 1846. *See* 42 U.S.C. § 1981(b) (2004). Therefore, the Supreme Court in *Jones* held that the four-year statute of limitations applied because the plaintiff's hostile work environment, wrongful termination, and failure-to-transfer claims were brought pursuant to § 1981 as amended by the Civil Rights Act of 1991. *Jones*, 124 S.Ct at 1846.

Here, Plaintiff alleges race discrimination in the employment context pursuant to § 1981 as amended by the Civil Rights Act of 1991, and therefore the four-year statute of limitations contained in 28 U.S.C. § 1658(a) applies. Plaintiff alleges such race discrimination by McDonough and Hearn until at least April 2002 and October 2001, respectively. Plaintiff filed her original complaint on September 22, 2003, within the applicable four-year statute of limitations. Accordingly, Defendants' motion to dismiss Plaintiff's § 1981 claim pursuant to the statute of limitations is denied.

## II. Count II: Title VII Claim

Defendants argue that the Court should dismiss the race and national origin discrimination allegations in Count II because those allegations exceed the scope of her EEOC charge. Plaintiff fails to directly respond to this argument.

Generally, "a Title VII plaintiff cannot bring claims in a lawsuit that were not included" in an EEOC charge. *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The EEOC charge is a "condition precedent with which Title VII plaintiffs must comply" – that promotes dispute settlement and provides notice – and is "not jurisdictional." *Id.* (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392 (1982) and *Babrocky v. Jewel Food Co.*,

7

773 F.2d 857, 864 (7th Cir. 1985)). *See also Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). A Title VII plaintiff is not required to allege in an EEOC charge "each and every fact that combines to form the basis of each claim" in the complaint, a standard entailing "significant leeway." *Cheek*, 31 F.3d at 500 (internal quotations omitted).

An EEOC charge encompasses the claims in a complaint when (1) there is a "reasonable relationship" between the EEOC charge's allegations and the claims stated in the complaint; and (2) the claims stated in the complaint can "reasonably be expected to grow out of an EEOC investigation" of the charge's allegations. *Id.* As to the first inquiry, the Seventh Circuit in *Cheeks* stated that an EEOC charge and a complaint's claims are not "reasonably related unless there is a factual relationship between them" that at minimum describes the "same conduct" and implicates the "same individuals." *Id.* at 501 (internal quotations omitted). *See Jayne v. ABF Freight System, Inc.*, No. 98 C 2680, 1999 WL 92920, at *4 (N.D. Ill. Feb. 16, 1999) (concluding that plaintiff did not satisfy the *Cheek* test where the EEOC charge and complaint failed to describe the same people and failed to mention any individual by name). Additionally, courts may look beyond the EEOC charge document when undertaking the first inquiry. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) (considering plaintiff's affidavit that was attached to and filed with the EEOC charge). As to the second inquiry, the Seventh Circuit has noted that this requires "speculation as to what the EEOC might or might not discover" during an investigation. *Cheek*, 31 F.3d at 501.

Plaintiff Nicol checked boxes on three EEOC charges indicating race, color, national origin, sex, and age discrimination, and retaliation. (R. 24-2, Defs.' Mem. Supp. Mot. Dismiss, Ex. D.) With all three EEOC charges, Plaintiff attached and referred to a statement, and two EEOC charges had attached and referred to correspondence. (*Id.*) Each of these statements

8

relates to allegations of discrimination and derogatory comments regarding Plaintiff's sex or age, and retaliation. None of the factual statements discuss or relate to her race or national origin.

The Seventh Circuit has noted that "simple technicalities such as '[w]hat boxes, for instance, are checked on the EEOC form do not necessarily control the scope of a subsequent complaint.'" *Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 259 (7th Cir. 1996) (quoting *Kristufek v. Hussmann Foodservice Co., Toastmaster Div.*, 985 F.2d 364, 368 (7th Cir. 1993)). The Court finds that Plaintiff's claims of race and national origin discrimination are not reasonably related to her sex discrimination and retaliation claims and cannot "reasonably be expected to grow out of an EEOC investigation" of such claims. Accordingly, those claims are dismissed from Count II. *See Mohan v. American Tel. and Tel. Co.*, 1999 WL 495113, at *10 (N.D. Ill. Jun. 30, 1999) ("This Court finds that merely checking a box--without more--does not fulfill the administrative purposes that a charge with the EEOC is designed to serve, and does not provide a basis for a later federal court discrimination complaint").

### III. Count III: § 1983 Claim

Plaintiff premises Count III on § 1983, which protects citizens' constitutional rights, privileges, and immunities from being infringed by state actors. *See* 42 U.S.C. § 1983 (2004). Defendants argue four grounds for dismissing Count III. First, Defendants argue that Lavin, McDonough, and Hearn in their official capacities, are entitled to Eleventh Amendment immunity. Second, Defendants argue that Lavin, McDonough, and Hearn in their official capacities, are not "persons" under § 1983. Third, Defendants argue that the complaint fails to state a claim under § 1983 because it insufficiently alleges a constitutional violation and personal involvement. Fourth, Defendants argue that Plaintiff's § 1983 claim is barred by the statute of limitations. The Court will address the arguments in turn.

9

### A. Eleventh Amendment Immunity

Defendants argue that Lavin, McDonough, and Hearn in their official capacities, are entitled to Eleventh Amendment immunity. As stated above, the Eleventh Amendment provides a state and its agencies immunity from private federal suits unless by express and unequivocal language the state or Congress waives the state's Eleventh Amendment immunity. *Kroll*, 934 F.2d at 907. The State of Illinois has not waived its Eleventh Amendment immunity for § 1983 claims. *See* 745 ILL. COMP. STAT. 5/1, 5/1.5 (2004). Further, Congress has not abrogated the states' Eleventh Amendment immunity from § 1983 claims. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979) (followed by *Horton v. Marovich*, 925 F.Supp. 540, 545 (N.D. Ill. 1996)).

For the same reasons discussed above regarding Plaintiff's § 1981 claim, Plaintiff's § 1983 claim survives as to prospective relief only. Because McDonough as the former Director of the DCCA is incapable of providing prospective relief, Plaintiff's § 1983 claim against McDonough in her official capacity fails.

### B. Persons Under § 1983

Defendants argue that Lavin, McDonough, and Hearn in their official capacities, are not "persons" under § 1983. In *Will v. Michigan Department of State Police*, the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. However, state officials are persons under § 1983 when sued for injunctive relief in their official capacities. *Id.* at 71, n. 10 (citing *Kentucky*, 473 U.S. at 167, n. 14; *Ex parte Young*, 209 U.S. at 159-60). Thus, Plaintiff's claim against Lavin and Hearn in their official capacities survives regarding injunctive relief.

### C. Failure to State a Claim Under § 1983

Defendants argue that the complaint fails to state a claim under § 1983 because it

10

insufficiently alleges a constitutional violation and personal involvement. In order to state a § 1983 claim, Plaintiff must allege that (1) Defendants violated Plaintiff's constitutional rights; and (2) they acted under color of state law. *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995); *Reichenberger v. Pritchard*, 660 F.2d 280, 284 (7th Cir. 1981). As to McDonough, a supervisory official, Plaintiff must allege that McDonough was directly responsible for the constitutional violation and by her acts or omissions "knowingly, willfully, or at least recklessly caused" the violation of Plaintiff's constitutional rights. *See McPhaul v. Bd. of Comm'rs of Madison County*, 226 F.3d 558, 566 (7th Cir. 2000) (internal quotations omitted). Refining the inquiry as to a supervisory official, Plaintiff need not allege "direct participation" but merely acts or omissions at McDonough's "direction," with McDonough's "knowledge and consent," or exhibiting McDonough's "deliberate or reckless disregard" for Plaintiff's constitutional rights. *See Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). Moreover, to state her § 1983 claim against both Hearn and McDonough pursuant to the Equal Protection Clause, Plaintiff must allege that a state actor purposefully discriminated against her because of her identification with a particular group. *See Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994). Plaintiff has sufficiently alleged each of the elements of a § 1983 claim in her Second Amended Complaint.

### D. Statute of Limitations

Defendants next argue that Plaintiff's § 1983 claim is barred by the statute of limitations. Federal courts must adopt the forum state's statute of limitations for personal injury claims as the proper statute of limitations for § 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The appropriate statute of limitations for § 1983 claims filed in the State of Illinois is two years as set forth in 735 ILCS § 5/13-202. *Mitchell v. Donchin*, 286 F.3d 447, 450, n. 1 (7th Cir. 2002);

*Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998).

Plaintiff alleges race, national origin, and skin color discrimination creating a hostile work environment pursuant to 42 U.S.C. § 1983, and therefore the two-year statute of limitations applies. Plaintiff alleges such discrimination regarding McDonough and Hearn until at least April 2002 and October 2001, respectively. Because Plaintiff's § 1983 claim arises out of the same conduct alleged in her original complaint, it relates back to the date of the original pleading under Federal Rule of Civil Procedure 15(c)(2). *See Johnson v. Artim Transp. System, Inc.*, 826 F.2d 538, 547 n. 9 (7th Cir. 1987). Plaintiff's original complaint was filed on September 22, 2003, within the applicable two-year statute of limitations. Accordingly, Defendants' motion to dismiss Plaintiff's § 1983 claim pursuant to the statute of limitations is denied.

## IV. Count IV: Illinois Civil Rights Act of 2003 Claim

The Illinois Civil Rights Act of 2003 ("Illinois Civil Rights Act") prohibits the state from engaging in race, color, or national origin discrimination. *See* 740 ILL. COMP. STAT. 23/5(a)(1) (2004). Defendants argue that Count IV should be dismissed because the conduct on which Count IV is based took place before the effective date of the Illinois Civil Rights Act. The Court agrees.

The Illinois Civil Rights Act states that its "[e]ffective" date is January 1, 2004. *See* 2003 Ill. Legis. Serv. 93-425 (West). Where the legislature has clearly indicated a statute's temporal reach, the Court must adhere to it absent constitutional violation. *Commonwealth Edison Co. v. Will County Collector*, 749 N.E.2d 964, 971 (Ill. 2001). In addition, the legislature has set forth the temporal reach of every statute lacking its own limitations period in 5 ILCS § 70/4, the "Statute on Statutes" forbidding retroactive application of substantive statutes. *See Caveney v. Bower*, 797 N.E.2d 596, 603-4 (Ill. 2003) (following *People v. Glisson*, 782 N.E.2d

12

251 (Ill. 2002)); 5 ILL. COMP. STAT. 70/4 (1874). *Cf. Bottoms v. Illinois Dep't of Human Services*, No. 03 C 1881, 2004 WL 1403811, at *3 (N.D. Ill. June 22, 2004) (following *Caveney* and concluding that 745 ILCS § 5/1.5, whose effective date was January 1, 2004, could not be applied retroactively in light of the statute's express temporal reach and the "default provisions of the Statute on Statutes").

Here, Plaintiff's claims pertain to conduct and events that occurred in 2001 and 2002. (*See* R. 20-1, Second Am. Compl. at 9, ¶¶ 2-22.) Indeed, when the Illinois Civil Rights Act became effective on January 1, 2004, Plaintiff's case was already pending in this Court. (*See* R. 1-1, Compl. at 9.) Accordingly, Defendants' motion to dismiss Plaintiff's Illinois Civil Rights Act claim is granted.

## CONCLUSION

The Court grants in part and denies in part Defendants' motion to dismiss.

Dated: August 12, 2004

ENTERED

_____
AMY J. ST. EVE
United States District Court Judge

13